IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ROSSAHN BLACK,**

    Petitioner,

v.                                            **CIVIL ACTION NO. 5:20-CV-210**
                                                      Judge Bailey

**R. HUDGINS,** Warden of FCI Gilmer,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 16]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on January 29, 2021, wherein he recommends the respondent's Motion to Dismiss or for Summary Judgment [Doc. 12] be granted and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

The petitioner is a federal inmate incarcerated at FCI Gilmer in Glenville, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on September 28, 2020, pursuant to 28 U.S.C. § 2241 challenging the validity of his sentence. The

1

claims in the petition challenge the Bureau of Prisons' ("BOP") calculation of his sentence. According to the BOP website, petitioner's projected release date is February 13, 2028.

On October 4, 2012, petitioner was sentenced in the Eastern District of Michigan for three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 924(e)(1); on each count, petitioner was sentenced to 300 months, with the sentences to be served concurrently. *United States v. Black*, 2:10-CR-20225-SDD-PJK (E.D. Mich.) [Doc. 111]. Following a habeas petition under 28 U.S.C. § 2255, petitioner was resentenced on January 31, 2017; at that time, petitioner was sentenced to 120 months of imprisonment on count 1, 66 months on count 2, and 66 months on count 3, to be served *consecutively*. *Id.* [Doc. 173]. This resulted in an aggregate term of 252 months of imprisonment, a term within the guideline range which was subsequently affirmed by the Sixth Circuit. *Id.* [Doc. 180].

Essentially, petitioner's argument in the instant petition is that because he was initially sentenced to concurrent sentences, the time between his initial sentencing and his resentencing is time which counts towards all three sentences; therefore, petitioner contends that even though his sentences are now to run consecutively, that time must be deducted from each of the three sentences. The government filed a response in which it argues that the petition should be dismissed or, alternatively, that the Court should grant summary judgment to respondent.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

2

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of the date of service. On February 11, 2021, the petitioner timely filed his Objections [Doc. 18]. Accordingly, this Court will review those portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

In the R&R, the magistrate judge found that "despite the petitioner's vehement argument that the BOP has calculated his resentence incorrectly, the same is simply not

true." [Doc. 16 at 8]. The R&R clearly lays out the calculation of petitioner's 252 month sentence and shows that the BOP's projected release date for petitioner, June 25, 2028[1], is within that sentence. The petitioner's argument in this case is that when he was resentenced to consecutive sentences, the time he had served so far should count towards *each* sentence, because he was initially sentenced to serve them concurrently. But, as the magistrate judge observed, "petitioner either fails to recognize or refuses to recognize that his amended sentence on each count was ordered to run consecutive, and therefore, the BOP was required to calculate an aggregate sentence of 252 months beginning on October 3, 2021 and awarding him 1032 days of prior custody credit." [Doc. 16 at 9]. The magistrate judge found that this case was analogous to ***Headspeth v. Conley***, 126 F.Supp.2d 1004 (S.D. W.Va. 2001) (Haden, J.), aff'd, 19 F. App'x 60 (4th Cir. 2001). In ***Headspeth***, Headspeth was resentenced to a five-year term following the vacation of a fifteen-year sentence; the fifteen-year sentence was to run concurrently with a ten-year sentence on a second count, while the resentenced five-year sentence was to run consecutive to the ten-year sentence. Headspeth argued that he should be credited for presentence time toward *both* sentences; the court instead found that:

> because the consecutive five-year sentence on Count Two was ordered to run in a different sequence from the original fifteen-year concurrent sentence, it commenced at the conclusion of the ten-year sentence. Therefore, Petitioner is not entitled to credit on the consecutive five-year sentence for the 404 days served prior to resentencing. Clearly, it would be contrary to the

---

[1]The Court notes that the BOP website now shows petitioner's release date as February 13, 2028.

> intent of the sentencing court and the later Amended Judgment and Commitment Order to credit Petitioner with time served on a sentence ordered to be consecutive, rather than concurrent, deliberately chosen to effectuate a total sentence of fifteen years.

*Headspeth*, 126 F.Supp.2d at 1007. Because the magistrate judge found that the same reasoning applied to this case, the R&R recommends that the petition be denied and dismissed with prejudice.

On February 11, 2021, petitioner filed his Opposition to Magistrates Report and Recommendation [Doc. 18]. Therein, petitioner raises several objections to the R&R. First, petitioner objects to the fact that the R&R characterizes petitioner's argument as "simply not true," asserting that it is true. [Doc. 18 at 1]. Second, petitioner objects to the R&R referencing his projected release date of June 25, 2028, because the BOP might deny good conduct time "for anyone (sic) of a host of arcane reasons," and that "petitioner's only true release date is 7 December 2031." [Id.]. Third, petitioner objects to the R&R's statement that the differences petitioner asserts between this case and *Headspeth* are misplaced, as he argues "each is a matter of concrete fact." [Id.]. Fourth, the petitioner objects to the R&R's statement that accepting petitioner's argument would thwart the intent of the sentencing court. [Id. at 1–2]. Finally, in a "Question before the Court," petitioner raises a hypothetical, analogizing this case to a contract dispute in which a party attempts to later charge a "one for one" rather than "three for one" rate. [Id. at 2].

As an initial matter, this Court finds that the first, third, and fourth objections are the type of "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," which do not warrant *de*

5

novo review. ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982). In these objections, the petitioner merely objects to the fact that the magistrate judge did not accept his argument without pointing this Court to any basis to reject the R&R's findings. Accordingly, these objections are overruled.

As to the second objection, while the Court agrees with petitioner that it is possible his projected release date could change, this misses the point the magistrate judge was making–that the BOP's projected release date shows that its calculation of petitioner's sentence is in line with the intent of the sentencing court. Accordingly, this objection is overruled.

As to petitioner's final objection, in which he analogizes the application of his new sentence to a breach of contract case, the Court notes that a criminal sentencing is not analogous to a contract. As the analysis in ***Headspeth*** makes clear, petitioner's time served prior to resentencing does not apply, in terms of petitioner's analogy, at a "three-for-one rate." This objection is therefore overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 16]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 18]** are **OVERRULED**, respondent's Motion to Dismiss or for Summary Judgment **[Doc. 12]** is hereby **GRANTED**, and the § 2241 petition **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk is directed to **STRIKE** this matter from the active docket of this Court and enter judgment in favor of respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: February 17, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**